## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| Darren Lambeth<br><br>Plaintiff,<br><br>v.<br><br>United Recovery Systems, LP<br><br>Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### PARTIES

1. Plaintiff is a natural person who resided in Queen Creek, AZ at all times relevant to this action.

2. Defendant is a Texas limited partnership that maintained its principal place of business in Houston, TX at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Navy Federal Credit Union, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around April 2, 2010, Defendant telephoned Plaintiff's Mother-in-law ("Susan") in connection with the collection of the debt.

14. During this communication, Defendant disclosed that Plaintiff owed the debt.

15. During this communication, Susan passed the phone to Plaintiff's Father-in-law "Charles."

16. During this communication, Defendant disclosed to Charles that Plaintiff owed the debt.

17. At this time of this communication, Defendant did not have Plaintiff's consent to contact Susan and Charles regarding the debt.

18. Defendant caused Plaintiff emotional distress.

19. Defendant violated the FDCPA.

## COUNT ONE

20. Defendant violated 15 U.S.C. §1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

21. In support hereof, Plaintiff incorporates paragraphs 13-17 as if specifically stated herein.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

23. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

MACEY & ALEMAN

By: */s/ Jody A. Corrales*
Jody A. Corrales, Bar # 024869
101 N. First Ave., Suite 2400
Phoenix, AZ 85003
Tel: 602-279-1555
Fax: 602-279-5544
jac@legalhelpers.com
*Attorney for Plaintiff*